UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2007 NOV 29  PM 4: 05

SIGN_____
       BY DEPUTY CLERK

MICHAEL SHOEMAKER

VERSUS                                    CIVIL ACTION NO.: 07-136-A

CHANDRA JACKSON, ET AL

## RULING ON MOTION TO DISMISS

This matter is before the court on a motion to dismiss, filed on behalf of defendant, Cornel Hubert ("Hubert") (doc. 7). Hubert has filed a memorandum in support of the motion to dismiss (doc. 8). Plaintiff, Michael Shoemaker, has opposed the motion (doc. 11). Jurisdiction is based on 28 U.S.C. §§ 1331, 1343 and 1367. There is no need for oral argument and the matter is now submitted.

## FACTS AND PROCEDURAL HISTORY

On February 23, 2007, plaintiff filed a complaint in the United States District Court, Middle District of Louisiana, asserting claims for civil rights violations under 42 U.S.C. §§ 1983 and 1988, and claims under state law pursuant to La.Civ.Code art. 2315. Plaintiff listed Chandra Jackson ("Jackson"), Timothy Seals ("Seals"), Donald Johnson ("Johnson") and Cornel Hubert as defendants[1] (doc. 1, ¶ 1).

---

[1] The complaint states that, at all times pertinent to this action, Hubert was the warden of Elayn Hunt Correctional Center in Iberville Parish, whereas, Jackson, Seals and Johnson were prison guards employed at the Center by the State of Louisiana and acting under color of state law (doc. 1, ¶ 4). The complaint also makes clear that plaintiff, Michael Shoemaker, was an inmate at Elayn Hunt Correctional Center at all times pertinent to the action (doc. 1, ¶¶ 5-8).

The complaint alleges that, on December 16, 2005, without provocation, plaintiff was attacked at Elayn Hunt Correctional Center by defendants, Jackson, Seals and Johnson. Plaintiff states that he was grabbed by the head and pulled down onto the concrete, striking his head and losing consciousness. The complaint alleges that plaintiff was stomped or kicked in the torso and head by all three guards while he lay unconscious. Plaintiff states that, upon regaining consciousness, his hands were cuffed behind him and he was taken to another area where he was propped against a wall and beaten in the stomach with fists until he passed out and fell to the floor. (doc. 1, ¶¶ 5-13).

As a result of the beating, plaintiff states that he was admitted to the intensive care unit at Earl K. Long Hospital in Baton Rouge. Plaintiff contends that, as a result of the attacks, he suffered head injuries, lost multiple teeth, suffered permanent impairment of executive brain functions, and continues to experience loss of equilibrium, vertigo, alterations in judgment, changes in affect, impulsive behavior, difficulty in walking, and constant tremors. Plaintiff contends that the attacks were a violation of his Fourth Amendment right to be free of unreasonable searches and seizures, and also constitute fault under La.Civ.Code art. 2315. (doc. 1, ¶¶ 15-17, 23).

Plaintiff also asserts that Hubert, as warden at Hunt Correctional Center, is liable for failing to properly train, retrain, discipline and supervise defendants, Jackson, Seals and Johnson, following prior incidents involving excessive use of

force. Plaintiff contends that those failures contributed to the harm he suffered. (doc. 1, ¶ 24).

On September 14, 2007, Hubert filed the present motion to dismiss plaintiff's complaint against him at plaintiff's cost (doc. 7).

## LAW AND REASONING

The motion states that the complaint against Hubert should be dismissed under Fed.R.Civ.P. 12(b)(6) (doc. 7). The motion, however, is actually a two-part motion with Hubert seeking application of Rule 12(b)(6) only to the first part.

As to the first part of the motion, Hubert argues that he is entitled to qualified immunity and the complaint, therefore, fails to state any federal claim upon which relief can be granted (doc. 7; doc. 8, p. 1). Assuming that the federal claims against him must be dismissed pursuant to Rule 12(b)(6), Hubert then seeks dismissal of the state claims, contending that supplemental jurisdiction will be lacking (doc. 7; doc. 8, p. 1).

The complaint lists four defendants and asserts claims under both federal and state law. Therefore, the proper starting point in analyzing the motion before the court is to review the complaint to determine what claims are actually asserted against which defendants.

## What Claims Are Asserted Against Which Defendants

In paragraphs four through sixteen of the complaint, plaintiff alleges the factual events which give rise to this action. Then, in paragraphs seventeen through twenty-one, he sets forth his claims under federal law. Paragraphs seventeen and eighteen assert a cause of action under 42 U.S.C. § 1983. Plaintiff alleges that he was seized in violation of his Fourth Amendment rights because the force used against him during the alleged attacks was unnecessary, wanton, malicious, sadistic and objectively unreasonable conduct in violation of the United States Constitution.[2] He further contends, in paragraph twenty, that the conduct of defendants, Jackson, Seals and Johnson, was so wanton and depraved as to justify an award of punitive damages. Then, in paragraph twenty-one, plaintiff states that he also seeks an award of attorney's fees under 42 U.S.C. 1988. (doc. 1). Thus, the complaint states federal claims only against defendants, Jackson, Seals and Johnson.

Plaintiff sets forth his state law claims in paragraphs twenty-three and twenty-four,[3] contending that 28 U.S.C. § 1367 provides supplemental jurisdiction over those claims. In paragraph twenty-three, he alleges that the actions of Jackson, Seals and Johnson constitute fault under La.Civ.Code art. 2315. Then, immediately following that state law claim, paragraph 24 provides:

---

[2] There is no paragraph nineteen in the complaint.

[3] Plaintiff asserts no claims in paragraph twenty-two. Instead, he merely asserts that he exhausted his administrative remedies prior to filing the complaint. Notably, this paragraph separates plaintiff's federal claims from his state claims.

> Additionally, defendant Hubert failed to properly train, retrain, discipline and supervise defendants Jackson, Seals and Johnson following prior incidents involving excessive use of force, and these failures contributed to the actionable harm inflicted upon Plaintiff herein.

(doc. 1).

Although the complaint asserts claims against all four defendants under Louisiana law, the only claims asserted under 42 U.S.C. § 1983 are asserted against Johnson, Seals and Jackson. There simply are no federal claims filed against defendant, Hubert, to which the defense of qualified immunity is Applicable.[4]

**Supplemental Jurisdiction**

Having found that the complaint asserts no federal claim against Hubert, the court must determine whether it has jurisdiction over the state claims asserted against him.

Title 28 U.S.C. § 1367 provides in pertinent part:

> § 1367.  Supplemental jurisdiction
>
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.

---

[4]This conclusion is consistent with plaintiff's statement that no federal claims are asserted against Hubert (doc. 11, p. 1).

5

As noted *supra*, plaintiff's complaint sets forth claims under 42 U.S.C. § 1983 against defendants, Jackson, Seals and Johnson. This court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331[5] and 28 U.S.C. § 1343.[6] Therefore, the question becomes whether the claims against Hubert are so related to the Section 1983 claims that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiff's claims against Hubert and the other three defendants satisfy this requirement because they all arise out of the alleged attacks of December 16, 2005. Therefore, the Section 1983 claims against the prison guards and the state law claims against Hubert "form part of the same case or controversy" and "derive from a common nucleus of operative fact" so as to meet the requirements of 28 U.S.C. § 1367(a) and Article III of the United States Constitution. See *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); see also *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (where the Court applies *Gibb*'s "common nucleus" test in its analysis of supplemental jurisdiction).

---

[5] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[6] 28 U.S.C. § 1343(a)(3) provides in pertinent part that district courts have original jurisdiction of any civil action "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ."

6

Thus, the court concludes that supplemental jurisdiction exists over the claims asserted by plaintiff against Hubert under Louisiana law.

## CONCLUSION

Accordingly, the motion by defendant, Cornel Hubert, to dismiss plaintiff's complaint against him (doc. 7) is hereby **DENIED**.

Baton Rouge, Louisiana, November 29, 2007.

*[signature]*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA